UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROOSEVELT LESHAWN
WILLIAMS #541415,

      Plaintiff,

                                   File No. 2:08-CV-69

v.

                                   HON. ROBERT HOLMES BELL

AMANDA WINNICKI et al.,

      Defendants.
                                     /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On May 16, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Plaintiff Roosevelt Leshawn Williams's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. (Dkt. No. 4.) Plaintiff filed objections to the R&R on May 27, 2008. (Dkt. No. 6.)

This Court is required to make a *de novo* review of those portions of an R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommended that Plaintiff's complaint be dismissed for failure to state a claim and that Plaintiff's motion to amend his complaint be denied. In addition to objecting to the R&R, Plaintiff has also filed a supplemental motion to amend his complaint.

Plaintiff objects to the Magistrate Judge's statement that the "allegations in the Plaintiff's Complaint are broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration." (R&R 2 (citations omitted).) Plaintiff does not identify any particular parts of his complaint where he alleged sufficient facts or otherwise explain how the Magistrate Judge's statement is incorrect. Plaintiff's complaint alleges that Defendant Winnicki violated policy and procedure "by refusing services with an illegitimate reason." (Dkt. No. 1, Complaint 2.) Plaintiff's complaint does not provide any further detail. The documents Plaintiff attached to his complaint do not further illuminate the basis of Plaintiff's claims against Defendants. Neither Plaintiff's first motion to amend, nor Plaintiff's supplemental motion to amend offer any additional facts. Both motions merely seek to indicate additional constitutional provisions under which Plaintiff asserts claims, without any explanation of the basis of those claims. Plaintiff's complaint, even if amended as Plaintiff seeks, is comprised of broad conclusory statements. Therefore, Plaintiff's objection to the R&R will be denied.

Plaintiff does not object to the Magistrate Judge's recommendation that his first motion to amend be denied. With respect to Plaintiff's supplemental motion to amend, in order to assess a motion to amend the Court "must have before it the substance of the proposed amendment." *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (citing *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986) (unpublished)). Plaintiff's supplemental motion to amend only states that Plaintiff wants to add the following to his complaint: "Violation of the Constitutional Rights

of a person born in the UNITED STATES." (Dkt. No. 5, Pl.'s Supplemental Mot. to Am. 1.) Plaintiff's supplemental motion to amend does not allege any facts or further articulate the basis of his claims. As Plaintiff's supplemental motion to amend does not provide the substance of the amendment Plaintiff seeks to make, Plaintiff's supplemental motion to amend the complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection to the Report and Recommendation of the Magistrate Judge (Dkt. No. 6) is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Dkt. No. 3) and supplemental motion to amend (Dkt. No. 5) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Roosevelt Leshawn Williams's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:   June 19, 2008            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE